United States District Court
Southern District of Texas
**ENTERED**
December 07, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| LUIS EDEN GUERRERO; AMG; EG; and VANESSA VERASTEGUI, §§§§§ Plaintiffs, §§ VS. §§ C.R. ENGLAND, INC.; RYAN MURPHY CROWELY; JOSE A. ALVAREZ, §§§§§ Defendants, §§ OLIVIA FALCON GUERRERO, §§§ Defendant, Counter Plaintiff. § | CIVIL ACTION NO. 7:21-cv-374 |

## **OPINION AND ORDER**

The Court now considers "Plaintiffs' Motion to Remand and Memorandum in Support"[1] filed by Luis Eden Guerrero and Vanessa Verastegui, "Defendant/Counter-plaintiff Olivia Falcon Guerrero's Motion to Remand and Memorandum in Support"[2] and "Defendant, C.R. England, Inc.'s Response to Motions to Remand."[3] After considering the motions, record, and relevant authorities, the Court **GRANTS** the motions to remand[4] and **REMANDS** this case to the 229th District Court of Starr County, Texas.[5]

**I.    BACKGROUND AND PROCEDURAL HISTORY**

---

[1] Dkt. No. 16.
[2] Dkt. No. 17.
[3] Dkt. No. 20.
[4] Dkt. Nos. 16 & 17.
[5] Cause No. DC-21-340.

This is a motor vehicle collision case. Plaintiffs' original petition was filed in state court on August 3, 2021 against Defendant Olivia Falcon Guerrero.[6] On August 25, 2021 Plaintiffs' first amended petition was filed which added Defendant C.R. England, Inc., Ryan Murray Crowely and Defendant Jose. A. Alvarez.[7] The alleged claims arise from a motor vehicle crash that occurred on or about July 7, 2021 in Starr County, Texas.[8] On September 27, 2021, Defendants C.R. England, Inc and Ryan Murphy Crowely filed their notice of removal. Defendants' notice of removal asserts that Co-defendant/Counter-plaintiff, Olivia Falcon Guerrero and Co-defendant, Jose A. Alvarez were improperly joined and as such their citizenship should be disregarded for diversity purposes.[9] Plaintiffs filed their motion to remand on October 27, 2021.[10] Defendant/Counter-plaintiff Olivia Falcon Guerrero also filed her motion to remand on October 27, 2021.[11] On November 17, Defendants C.R. England, Inc and Ryan Murphy Crowely filed their response to the motions to remand.[12]

## II.    LEGAL STANDARD

It is a "well-settled principle that litigants can never consent to federal subject matter jurisdiction, and the lack of subject matter jurisdiction is a defense that cannot be waived."[13] District courts have limited jurisdiction and the authority to remove an action from state to federal court is solely conferred by the Constitution or by statute.[14] "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[15] Where the

---

[6] Dkt. No. 1-3 at 2.
[7] *Id.* at 11-12.
[8] *Id.* at 12.
[9] Dkt. No. 1.
[10] Dkt. No. 16.
[11] Dkt. No. 17.
[12] Dkt. No. 20.
[13] *Gonzalez v. Guilbot*, 255 F. App'x 770, 771 (5th Cir. 2007) (citing *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996)); *see* 28 U.S.C. § 1447(c).
[14] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[15] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

removing party claims federal diversity jurisdiction under 28 U.S.C. § 1332, the removing party must demonstrate complete diversity: that each defendant is a citizen of a different state from each plaintiff.[16]

Where each defendant is not a citizen of a different state from each plaintiff, a party may claim that the plaintiff improperly joined parties to defeat federal diversity jurisdiction. Courts presume that cases lie outside their narrow jurisdiction, so "the burden of establishing federal jurisdiction rests on the party seeking the federal forum."[17] This is a heavy burden upon the party claiming improper or fraudulent joinder.[18] A District Court has jurisdiction to determine its own jurisdiction in considering a motion to remand, but the focus of the inquiry on a motion to remand must "must be on the joinder, not the merits of the plaintiff's case."[19] Importantly, "removal statutes are to be strictly construed against removal; doubts as to removal are resolved in favor of remanding the case to state court."[20] Specifically, the Court will resolve all legal and factual issues, doubts, and ambiguities in favor of remand,[21] because the exercise of jurisdiction over a removed case "deprives a state court of a case properly before it and thereby implicates important federalism concerns."[22]

---

[16] *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).
[17] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[18] *See, e.g.*, *Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co.*, 719 F. Supp. 2d 736, 738 (S.D. Tex. 2010) (Hoyt, J.).
[19] *Int'l Energy Ventures Mgmt. v. United Energy Grp.*, 818 F.3d 193, 209–10 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573); *see also McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) ("[A] remand to state court is necessitated whenever the district court, in the guise of deciding whether the joinder was improper, departs from the threshold inquiry of jurisdiction into a decision on the merits.").
[20] *Tebon v. Travelers Ins. Co.*, 392 F. Supp. 2d 894, 898 (S.D. Tex. 2005) (Jack, J.) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) & *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).
[21] *Lorenz v. Tex. Workforce Comm'n*, 211 F. App'x 242, 245 (5th Cir. 2006) (citing *Guillory v. PPG Indus.*, 434 F.3d 303, 308 (5th Cir. 2005)); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) ("[T]he district court is 'obliged to resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in [the plaintiff's] favor.'" (alteration in original) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999))).
[22] *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548–49 (5th Cir. 1981) ("Where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal tribunal poaches upon the territory of a coordinate

The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[23] The Court determines "whether [the plaintiff] has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable,* not merely theoretical."[24] To test this reasonable basis for recovery, the Court may resolve the issue with a two-step analysis. First, "[t]he [C]ourt may conduct a [Federal Rule of Civil Procedure] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[25] A Rule 12(b)(6) analysis "leaves intact the well-pleaded complaint doctrine with all its intended reach,"[26] so the analysis accepts all well-pled facts in the complaint as true and interprets those facts in the light most favorable to the plaintiff, then asks whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."[27] The Court does not make credibility determinations or discount the complaint's factual allegations.[28] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the

---

judicial system, and its decisions, opinions, and orders are of no effect. . . . Thus, the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.").
[23] *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)).
[24] *Travis*, 326 F.3d at 648 (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).
[25] *Smallwood*, 385 F.3d at 573.
[26] *Smallwood*, 385 F.3d at 576.
[27] *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[28] *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

elements of a cause of action, supported by mere conclusory statements, do not suffice."[29] If a complaint can survive a Rule 12(b)(6) challenge, there is no improper joinder.[30]

In instances where the propriety of joinder is still questionable after the Rule 12(b)(6)-like analysis, the Court may in its discretion pierce the pleadings and conduct a "summary inquiry" to consider "summary judgment-type evidence such as affidavits and deposition testimony" but will not pre-try factual issues.[31]

### III. ANALYSIS

Removing Defendants' C.R. England, Inc. and Ryan Murphy Crowely's brief in support of notice of removal argues that Defendant/Counter-plaintiff Olivia Falcon Guerrero and Defendant Jose A. Alvarez are improperly joined and as such, their citizenship "should be disregarded when determining whether this Court has diversity jurisdiction over this suit."[32] The crux of their argument as to why the other Defendants are improperly joined is that the dash camera video contradicts Plaintiffs' claims in the amended petition. Defendants state that "[a] simple review of the police report and dash camera video shows that there is no possible claim against either Defendant, and that they have been added purely to attempt to destroy federal diversity jurisdiction.[33]" However, as mentioned above, the Court first conducts a "12(b)(6)-type analysis looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[34] Thus, removing Defendants' assertion that the Court should conduct a summary judgment type analysis and look to evidence

---

[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[30] *Smallwood*, 385 F.3d at 573.
[31] *Hart v. Bayer Corp.*, 199 F.3d 239, 246–47 (5th Cir. 2000); *see also McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005) ("A district court should ordinarily resolve a improper [sic] joinder by conducting a Rule 12(b)(6)-type analysis. However, in cases where the plaintiff has stated a claim, but misstated or omitted discrete facts, the district court has the discretion to pierce the pleadings and conduct a summary inquiry." (quotation omitted)).
[32] Dkt. No. 2 at 4.
[33] *Id.* at 7.
[34] *Smallwood*, 385 F.3d at 573.

outside the pleadings, such as the provided dash camera video, is premature. As further mentioned above, this type of analysis is only appropriate "[i]n instances where the propriety of joinder is still questionable after the Rule 12(b)(6)-like analysis."[35]

In their motion to remand, Plaintiffs assert that "a jury could determine that [Defendant Olivia Falcon Guerrero] was negligent in accelerating to pass [Plaintiff] in the right lane in the moments preceding the crash in question."[36] Plaintiffs further assert that "a jury may reasonably conclude that, under prevailing rainy weather conditions, [Defendant Jose A. Alvarez] should have kept a greater distance between the front of his vehicle and the rear of [Plaintiff's] vehicle, so that when the 18-wheeler began to cross the road, [Plaintiff] may have perceived the option of applying his brakes sooner than he did to avoid or mitigate the force of the impact with the 18-wheeler."[37] The Court accepts "all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiffs."[38] Regardless of the credibility of Plaintiffs' claims, whether their factual allegations are true is not a question ripe for this Court when ruling on a motion for remand. [39] The Court agrees with Plaintiffs that the claims raised in their amended petition state "a claim under state law against the in-state defendant."[40] Plaintiffs amended petition also includes "enough facts to state a claim to relief that is plausible on its face."[41] Specifically, the amended petition asserts that Defendant/Counter-plaintiff Olivia Falcon Guerrero contributed to the accident by passing on the right and Defendant Jose A. Alvarez contributed to the accident

---

[35] *Hart.,* 199 F.3d at 246–47.
[36] Dkt. No. 16 at 12.
[37] *Id* at 13.
[38] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[39] *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989).
[40] *Smallwood,* 385 F.3d at 573.
[41] *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

by following too closely.[42] Accordingly, the Court finds that Defendant/Counter-plaintiff Olivia Falcon Guerrero and Defendant Jose A. Alvarez were properly joined in this action.

Additionally, Defendant/Counter-plaintiff Olivia Falcon Guerrero's motion to remand argues that removal is improper because not all Defendants consented to removal.[43] Because the Court has found that all Defendants were properly joined, this case was also improperly removed because not all Defendants consented to the removal.[44]

## IV.  CONCLUSION

A Federal Rule of Civil Procedure 12(b)(6)-type analysis indicates that the nondiverse defendants are not improperly joined in this action. Because diversity does not exist and because all Defendants did not consent to removal, the case is not properly before this Court.[45] Accordingly, the Court **GRANTS** "Plaintiffs' Motion to Remand and Memorandum in Support"[46] filed by Luis Eden Guerrero and Vanessa Verastegui and "Defendant/Counter-plaintiff Olivia Falcon Guerrero's Motion to Remand and Memorandum in Support"[47] and **REMANDS** this suit to the 229th District Court of Starr County, Texas.[48]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 7th day of December 2021.

_____
Micaela Alvarez
United States District Judge

---

[42] Dkt. No. 2-4 at 5.
[43] Dkt. No. 17.
[44] See Dkt. No. 1.
[45] *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) ("A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants.").
[46] Dkt. No. 16.
[47] Dkt. No. 17.
[48] Cause No. DC-21-340.